IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROGER ISAACS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 2:13-cv-693-MEF |
| | ) | (WO – Do Not Publish) |
| FELDER SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Arbor Springs Health and Rehabilitation Center, Ltd.'s ("Arbor Springs") Motion to Dismiss (Doc. #7) filed on October 22, 2013. In its motion, Arbor Springs claims that Plaintiff Roger Isaacs ("Isaacs") has failed to allege sufficient factual allegations in his complaint to establish that Arbor Springs was his employer for Title VII purposes. Arbor Springs contends that, as a result, Isaacs has failed to state a viable claim against it. Having considered the motion, the arguments of counsel, and the applicable case law, the Court finds that Arbor Springs's motion is due to be GRANTED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Isaacs was hired by Defendant Felder Services, LLC ("Felder") to work as a registered dietician on site and under the supervision of management at Arbor Springs. Isaacs is also homosexual.

1

During the time in question, Arbor Springs employed Cheri Place ("Place") as Assistant Director of Nursing.  On July 26, 2012, Isaacs attended a committee meeting conducted by Place.  Also at the meeting were Isaacs's "co-workers and subordinates", including Tammy Fetner, Director of Nursing for Arbor Springs, Tanya Jackson, Arbor Springs Unit 3 Clinical Coordinator, and three other Arbor Springs employees.[1]  During the meeting, Isaacs questioned restrictions in physicians' orders provided to him by Place that did not match Felder's manual.  In response, Place asked, "Does anyone have any tape to put on [his] mouth?"  Isaacs also alleges that when he continued to assert that there were inconsistencies between the physicians' orders and Felder's forms, Place came within two to three feet of him and mimicked a male dog urinating and gestured as if she were masturbating a penis.  Once another employee pointed out that Isaacs was correct about the forms, Place referred to him as "cupcake" and then acknowledged that he was right.

On July 31, 2012, Isaacs reported what transpired at the July 26 meeting to Debbie McGarvey, his supervisor at Felder.  McGarvey told Isaacs to contact Brenda Guess, a Felder employee, and Linda Hoffman, an Arbor Springs employee, and it appears (although unclearly) that he did.  Just over a week later, on August 9, 2012, Felder terminated Isaacs for falsifying a June 30, 2012 expense report.

---

[1] The EEOC charge indicates that a Unit 2 Clinical Coordinator named Wanda, a Unit 4 Clinical Coordinator named Jill, and a Memory Support staff member named Sam were also Arbor Springs employees who attended the July 26 meeting.  None of these employees' last names, however, are known.

2

On September 20, 2012, Isaacs filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964.  On June 24, 2013, the EEOC issued Isaacs a notice of right to sue, and Isaacs timely filed his complaint in this case on September 24, 2013.  In his complaint, Isaacs asserts claims of gender discrimination, sexual harassment, and retaliation in violation of Title VII.  On October 22, 2013, Arbor Springs moved to dismiss Isaacs's claims against it on the basis that Isaacs had failed to allege that Arbor Springs was his employer for Title VII liability.  (Doc. #7.)  In response, Isaacs contends that he has alleged sufficient factual allegations to demonstrate that Arbor Springs was his "joint employer" for Title VII purposes.  The Court addresses the parties' arguments below.

## II.   STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, "the court accepts the plaintiff's allegations as true . . . and construes the complaint liberally in the plaintiff's favor." *Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294, 1297 (M.D. Ala. 1999).  Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint."  *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A complaint

3

states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Granting a motion to dismiss is appropriate only "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009).

### III.  DISCUSSION

Two or more employers may be held liable for Title VII violations under the "joint employer" theory of recovery. *See Virgo v. Riveria Beach Assocs., Ltd.*, 30 F.3d 1350, 1359–61 (11th Cir. 1994). Joint employers must exercise sufficient control over the terms and conditions of a plaintiff's employment. *See id*. at 1360. Courts will typically analyze three factors to determine if sufficient control has been exercised to qualify an entity as a joint employer: (1) the means and manner of the plaintiff's work performance;

4

(2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation. *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1245 (11th Cir. 1998).

The complaint and the charge of discrimination[2] attached thereto contain essentially three allegations regarding Isaacs's "employment relationship" with Arbor Springs. First, Isaacs alleges that he was hired to work on-site and under the supervision of management at Arbor Springs. (Doc. #1, ¶ 10.) Second, Isaacs alleges that he attended a committee meeting conducted by Place, Arbor Springs's Assistant Director of Nursing, who allegedly harassed him. (Doc. #1, ¶ 11.) Third, Isaacs alleges that his supervisor at Felder informed him to contact an Arbor Springs employee in regards to Place's alleged offensive conduct at the July 26 meeting. The Court does not find these allegations sufficient to establish a plausible Title VII claim against Arbor Springs based on a "joint employer" theory of liability.

Simply alleging that Isaacs worked "under the supervision of management" at Arbor Springs, without providing any supporting allegations as to the manner or extent of that supervision, or the amount of control Arbor Springs exerted over Isaacs, falls short of demonstrating that an employment relationship existed between Isaacs and Arbor Springs sufficient to sustain Title VII liability. Indeed, this allegation leaves the Court

---

[2] The Court may consider documents outside of the complaint, such as a charge of discrimination, when the document is central to the claim and is undisputed. *See Speaker v. U.S. Dept. of Health and Human Servs. Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Thus, the Court will consider the charge attached to Isaacs's complaint when ruling on this motion to dismiss.

5

questioning what working "under the supervision of management" at Arbor Springs even means. The same can be said for the allegation that Isaacs attended a meeting called by Place, an Arbor Springs employee, who allegedly harassed him. Being called to a meeting by an Arbor Springs employee does not demonstrate with any level of plausibility that Arbor Springs was his joint employer. This is particularly true because there are no allegations that Isaacs was required to attend the meeting or that Place had any control over the terms and conditions of Isaacs's employment. Finally, while the allegation that Isaacs reported Place's behavior to an Arbor Springs employee may demonstrate that Arbor Springs might have some control over Place's action, it does not demonstrate that Arbor Springs had the type of control over Isaacs's actions necessary to make Arbor Springs his joint employer.

Both Isaacs and Arbor Springs have cited this Court's previous ruling in *Kaiser v. Trofholz Technologies*, 935 F. Supp. 2d 1286 (M.D. Ala. 2013). In *Kaiser*, this Court found that the plaintiff had pled sufficient factual allegations to raise a reasonable expectation that Booz Allen was her joint employer. *Id*. at 1290. In that case, however, the plaintiff had pled several allegations demonstrating that Booz Allen maintained substantial control over the terms and conditions of her employment, including: (1) that her supervisors were Booz Allen employees and she received orders from those supervisors; (2) that the plaintiff's Booz Allen supervisors could affect whether Trofholz, her primary employer, kept its contract with Booz Allen; (3) that the plaintiff's Booz Allen supervisors reported to Trofholz about the plaintiff's job performance and could

affect plaintiff's job evaluation; and (4) that the plaintiff's Booz Allen supervisors caused her firing by threatening to pull their contract with Trofholz unless she was terminated. *Id*. at 1293.

Allegations with a similar level of specificity are not present here.  In fact, Isaacs alleges that he was hired by Felder, that his direct supervisor was a Felder employee, that Felder approved his work-related travel, lodging, and meals, and that he was terminated by Felder.[3]  While the Court recognizes that Isaacs is not expected to prove his case in the complaint, at the same time, the Court cannot presume or speculate as to facts not contained in the compliant.  Indeed, facts that Isaacs would have personal knowledge of, and that make his complaint more plausible, should be pled in the complaint.  Otherwise, the inferences asked of the Court are a bridge too far and lack the necessary factual support to survive Arbor Springs's Rule 12(b)(6) motion.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Arbor Springs's Motion to Dismiss (Doc. #7) is GRANTED, and Isaacs's claims against Arbor Springs are DISMISSED WITH PREJUDICE.

DONE this the 20th day of June, 2014.

                                                   /s/ Mark E. Fuller
                                       UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that Isaacs's complaint repeatedly refers to wrongdoing by a single defendant, and that Plaintiff would be wise to make clear in his pleading which defendant committed the specific wrongs of which he is complaining.  (*See* Doc. #1, ¶¶ 21, 22, 23, 24, 31, 32, and 34.)